UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LEHMAN, an individual; JALAINA LEHMAN, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO CORPORATION, et al.,<br><br>    Defendants. | 2:12-CV-12 JCM (CWH) |

**ORDER**

Presently before the court is plaintiffs Robert and Jalaina Lehman's emergency motion for temporary restraining order and preliminary injunction. (Doc. #4).

The property at issue in this case is located at 3317 Uribe Street, Las Vegas, NV 89129. (Doc. #1, Ex. A). Plaintiffs purchased the property on July 1, 2011. (Doc. #1, Ex. A). On October 26, 2011, shortly after plaintiffs purchased the property, defendants recorded a notice of trustee's sale on the home; allegedly, this was the first indication plaintiffs received that the home was subject to foreclosure. (Docs. #1, Ex. A and #4). Thus, plaintiffs apparently did not conduct a title search before buying the property. Plaintiffs filed this case in state court on December 14, 2011. (Doc. #1, Ex. A). Defendants removed the case to federal court on January 4, 2012. (Doc. #1). Plaintiffs then filed the instant motion on January 5, 2012. (Doc. #4). The trustee's sale is currently scheduled for January 6, 2012. (Docs. #1, Ex. A and #4).

**James C. Mahan**
**U.S. District Judge**

1  According to plaintiffs, defendants and a prior owner of the home, Jeffrey S. Anderson, recorded several deeds of trust on this property. (Docs. #1, Ex. A and #4). Allegedly, Anderson and the defendants recorded deeds of trust encumbering the property on June 24, 1999, August 12, 2003, October 8, 2004, and February 11, 2005. (Docs. #1, Ex. A and #4). On September 29, 2009, defendants filed a notice of default pursuant to the 2005 deed of trust, and the property was sold to MWHF, LLC in a trustee's sale on August 25, 2010. (Docs. #1, Ex. A and #4). That sale did not extinguish the lien of the 1999, 2003, and 2004 deeds of trust.

Thus, MWHF took the property subject to those deeds of trust. (Docs. #1, Ex. A and #4). On September 7, 2010, defendants served MWHF with a notice of intent to foreclose on the 1999 deed of trust. (Docs. #1, Ex. A and #4). A notice of default on the 1999 deed of trust was filed on December 23, 2010, but plaintiffs state that it is "unclear how or to whom service of the [n]otice of [d]efault was made." (Doc. #4). Defendants recorded a certificate of foreclosure mediation on April 12, 2011, and plaintiffs again assert that it is "unclear how or to whom service of the [c]ertificate was made." (Doc. #4). Plaintiffs purchased the property from MWHF, LLC for $154,900 on July 1, 2011. (Doc. #1, Ex. A).

Plaintiffs now move for a temporary restraining order, arguing that they "only recently received their initial notification of the pending foreclosure, they were unprepared to seek an appropriate remedy, [and they] have not had an opportunity to evaluate the basis of the foreclosure." (Doc. #4).

## Standard for Temporary Restraining Order

Plaintiffs have cited the Nevada state law standard for injunctive relief. (Doc. #4). However, this court is bound by the federal rules of civil procedure and controlling federal case law on injunctive relief. According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that federal courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary

James C. Mahan
U.S. District Judge

- 2 -

1  injunction: (1) a likelihood of success on the merits; (2) possibility of irreparable injury if
2  preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest.
3  *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).

4  **1.   Likelihood of success on the merits**

5      Plaintiffs argue that they have a likelihood of success on two grounds: (1) state law notice
6  requirements "may not have been complied with" and (2) the 1999 deed of trust "may have been
7  satisfied from the proceeds of a trustee's sale conducted pursuant to the 2005 deed of trust." (Doc.
8  #4). Plaintiffs further assert that discovery "may reveal" additional facts that support plaintiffs' legal
9  theories.

10      The conjectural factual allegations offered at this point in the litigation are insufficient to
11  demonstrate a likelihood of success on the merits. *See Winter*, 555 U.S. at 20. Plaintiffs' motion
12  states that they have not "adequately evaluate[d] the basis for the foreclosure." (Doc. #4). It is
13  impossible for the court to find a likelihood of success when the plaintiffs themselves seem uncertain
14  about the underlying factual allegations, admit that they have not adequately evaluated the
15  foreclosure, and state that further discovery may provide more concrete support for their legal claims.
16  Based on the showing in the instant motion, the court is not inclined to find that plaintiffs have
17  established a likelihood of success on the merits.

18  **2.   Possibility of irreparable injury**

19      Plaintiffs assert that they will be irreparably injured if the trustee's sale proceeds. (Doc. #4).
20  They argue that the instant foreclosure was initiated during MWHF's ownership of the property and
21  that they first became aware of the notice of trustee's sale "just weeks prior to the filing of the instant
22  action." (Doc. #4).

23      There is little doubt that the trustee's sale would substantially impact plaintiffs' property
24  rights. However, plaintiffs have not demonstrated irreparable harm. Pursuant to NRS 107.080(5),
25  a court of competent jurisdiction can declare a trustee's sale void if the sale does not substantially
26  comply with the provisions of NRS 107.080. Thus, plaintiffs have not demonstrated that "immediate
27  and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

in opposition." FED. R. CIV. P. 65. The possibility of irreparable injury factor also weighs against granting the motion for temporary restraining order.

### 3. **Balance of hardships**

Finally, the court notes that plaintiffs admit that they became aware that their home was subject to foreclosure on October 26, 2011. (Docs. #1, Ex. A and #4). Nevertheless, plaintiffs did not file the instant case in state court until December 14, 2011. (Docs. #1, Ex. A and #4). Plaintiffs then waited a further three weeks – until the afternoon before the scheduled trustee's sale – before filing the instant motion for temporary restraining order. (Doc. #4).

Accordingly, plaintiffs' assertion that "notice should not be required, as requiring notice will only result in the foreclosure of the [p]roperty and the ejectment of the [p]laintiffs from their home" rings hollow. Plaintiffs had adequate opportunity to file a timely motion for preliminary injunction in state court before filing this emergency motion in federal court. The failure to timely bring the instant motion effectively prevents the defendants from responding to this emergency motion. The court, therefore, does not have the benefit of the adversarial system to develop a full picture of the relevant issues. Thus, the balance of hardships factor weighs against granting the temporary restraining order.

### Conclusion

Plaintiffs' motion fails to demonstrate (1) a likelihood of success on the merits, (2) irreparable injury, or (3) a balance on hardships in their favor. Under these circumstances, a temporary restraining order is not warranted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Robert and Jalaina Lehman's emergency motion for temporary restraining order and preliminary injunction (doc. #4) be, and the same hereby is, DENIED.

DATED January 6, 2012.

_____
UNITED STATES DISTRICT JUDGE