# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT LEHMAN, an individual;
JALAINA LEHMAN, an individual,

Plaintiffs,

v.

WELLS FARGO CORPORATION, et al.,

Defendants.

2:12-CV-12 JCM (CWH)

## ORDER

Presently before the court is defendant Wells Fargo Bank, N.A.'s (incorrectly sued as Wells Fargo Corporation) motion to dismiss (doc. #9) and motion to expunge lis pendens (doc. #14). Plaintiffs Robert Lehman and Jalaina Lehman have filed oppositions to both motions (docs. #11 and #16) to which Wells Fargo has replied (docs. #13 and #17).

**I.    Background**

The facts of the dispute between the parties were outlined in this court's previous order denying a temporary restraining order (doc. #5) and regardless, are well-known to the parties. As such, only a short recitation of the facts are necessary for present purposes.

According to plaintiffs, defendants and a prior owner of the home, Jeffrey S. Anderson, recorded several deeds of trust on this property. (Docs. #1, Ex. A and #4). Allegedly, Anderson and the defendants recorded deeds of trust encumbering the property on June 24, 1999, August 12, 2003,

**James C. Mahan**
**U.S. District Judge**

1  October 8, 2004, and February 11, 2005. (Docs. #1, Ex. A and #4). On September 29, 2009,
2  defendants filed a notice of default pursuant to the 2005 deed of trust, and the property was sold to
3  MWHF, LLC in a trustee's sale on August 25, 2010. (Docs. #1, Ex. A and #4). That sale did not
4  extinguish the lien of the 1999, 2003, and 2004 deeds of trust.

5  Thus, MWHF took the property subject to those deeds of trust. (Docs. #1, Ex. A and #4).
6  On September 7, 2010, defendants served MWHF with a notice of intent to foreclose on the 1999
7  deed of trust. (Docs. #1, Ex. A and #4). A notice of default on the 1999 deed of trust was filed on
8  December 23, 2010, but plaintiffs state that it is "unclear how or to whom service of the [n]otice of
9  [d]efault was made." (Doc. #4). Defendants recorded a certificate of foreclosure mediation on April
10 12, 2011, and plaintiffs again assert that it is "unclear how or to whom service of the [c]ertificate was
11 made." (Doc. #4). Plaintiffs purchased the property from MWHF, LLC for $154,900 on July 1,
12 2011. (Doc. #1, Ex. A).

13 After learning of the pending foreclosure, plaintiffs filed the instant suit. Plaintiffs'
14 complaint alleges one cause of action for wrongful foreclosure and seeks injunctive as well as
15 declaratory relief.

16 **II.   Discussion**

17 A plaintiff must include a "short and plain statement of the claim showing that the pleader
18 is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the
19 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*
20 *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil
21 Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief
22 can be granted."

23 Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor*
24 *Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, "[t]o survive a motion to dismiss, a
25 complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its
26 face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not
27 akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  that a defendant has acted unlawfully.  *Id.*

2  "An action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale."  *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 305 (1983); *see also Haley v. Elegen Home Lending, LP*, 2010 WL 1006664, *2 (D. Nev. March 16, 2010); *Huggins v. Quality Loan Servicing, LP*, 2011 WL 310490, *5 (D. Nev. Jan. 27, 2011).  Here, the power of sale has not been exercised and the foreclosure has not yet taken place.  Accordingly, the claim for wrongful foreclosure must fail.

The remaining "claims" are not viable claims but each is a request for relief.  Thus the court need not address the "claims" seeking a preliminary injunction, permanent injunction, or declaratory judgment.  As plaintiff has stated no claim against defendant upon which relief may be granted, the complaint must be dismissed and the lis pendens expunged.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendant's motion to dismiss (doc. #10), be and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants' motion to expunge the notice of lis pendens (doc. #14) be, and the same hereby is, GRANTED.

DATED April 6, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -